IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PHILIP CLIFFORD,

    Plaintiff,

v.                          CIVIL NO.: WDQ-13-0781

SCMD, LLC,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Philip Clifford sued SCMD, LLC ("SCMD"), for violating the Fair Labor Standards Act ("FLSA") and related claims. Pending is SCMD's motion to dismiss for insufficient service of process. For the following reasons, the motion will be denied.

I.   Background[1]

SCMD is a Maryland limited liability company. ECF No. 1 ¶ 5. Andrew Alley, the resident agent for SCMD, has an office at 1936 Eastern Avenue, Baltimore, Maryland 21231. ECF No. 5-3. Clifford worked as a daytime kitchen cook at SCMD from 2006 through September 2012. ECF No. 1 ¶ 13. From March 2010

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

through September 2012, Clifford did not receive overtime pay at a rate of one and a half times his regular pay for hours he worked in excess of 40 hours a week. *Id.* ¶ 15. In late August or early September 2012, Clifford complained about SCMD's pay practices. *Id.* ¶17. Shortly after SCMD received Clifford's complaints, he was fired. *Id.*

On March 13, 2013, Clifford sued SCMD for violations of the FLSA. ECF No. 1. On March 20, 2013, Clifford attempted service on Alley at SCMD's place of business, 615 Falls Way, Baltimore, Maryland 21202, through a private process server. ECF No. 9, Ex. 2. On March 21, 2013, Clifford again attempted service on Alley at that address. *Id.* On March 23, 2013, Clifford served Matt Davenport, a manager at SCMD, at the same address. *Id.* Davenport is not authorized to accept service of process. ECF No. 5-1 ¶ 6.

On April 14, 2013, SCMD moved to dismiss the complaint for insufficient service of process. ECF No. 5. On April 22, 2013, Clifford attempted to serve Alley at 1936 Eastern Avenue, Baltimore, Maryland 21231, the address listed with SDAT for SCMD's resident agent. ECF No. 9, Ex. 2; ECF Nos. 5-2, 5-3. On April 24, 2013, and April 25, 2013, Clifford again attempted service on Alley at that address. *Id.* On April 29, 2013, Clifford served the complaint on the State Department of Assessments and Taxation ("SDAT"). ECF No. 9, Ex. 3. On May 1,

2013, Clifford filed an executed summons. ECF No. 8. On May 1, 2013, Clifford opposed SCMD's motion to dismiss. ECF No. 9.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss for insufficient service of process. If service is contested, the "plaintiff bears the burden of establishing the validity of service" pursuant to Fed. R. Civ. P. 4. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Under Rule 4, a domestic corporation may be served by following the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Maryland law, service upon a limited liability company requires service upon its resident agent. Md. Rule 2-124(g). "If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." *Id.* Service may also be made upon a limited liability company by serving the SDAT, "if (1) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate dates to serve the resident agent have failed." Md. Rule 2-124(o)(iii).

B. SCMD's Motion to Dismiss

SCMD argues that Clifford's complaint should be dismissed because SCMD has not been properly served. ECF No. 5. Clifford contends that he made at least two good faith attempts to serve SCMD's resident agent and properly served the SDAT on April 29, 2013. ECF No. 9 ¶ 5.

Clifford made an attempt to serve SCMD's resident agent, Andrew Alley, at the address listed with the SDAT on three occasions. See ECF No. 1, Ex. 2; ECF Nos. 5-2, 5-3. After these failed attempts, Clifford served the SDAT. Id. Clifford complied with Maryland law by serving the SDAT after at least two failed attempts to serve the limited liability corporation's resident agent. See Md. Rule 2-124(o). Accordingly, SCMD's motion to dismiss for insufficient service of process will be denied.

III. Conclusion

For the reasons stated above, SCMD's motion to dismiss will be denied.

12/2/13
Date

William D. Quarles, Jr.
United States District Judge